UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GATHER WORKSPACES LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE GATHERING SPOT, LLC, )<br>THE GATHERING SPOT DC, LLC, )<br>THE GATHERING SPOT HOLDINGS, )<br>LLC, and THE GATHERING SPOT )<br>PROPERTIES, LLC )<br>)<br>Serve: )<br>)<br>Ryan Wilson, Registered Agent )<br>384 Northyards Blvd. NW )<br>Building 100 )<br>Atlanta, GA 30313 )<br>)<br>Defendants. ) | Case No. _____ |

## **COMPLAINT**

### PARTIES

1. Plaintiff, Gather Workspaces LLC ("Gather"), is a Virginia limited liability company headquartered in Richmond, Virginia that holds a federal trademark registration for the word GATHER (the "Gather Mark") used in association with co-working facilities and related services.

2. Defendants, The Gathering Spot, LLC, The Gathering Spot DC, LLC, The Gathering Spot Holdings, LLC, and The Gathering Spot Properties, LLC (collectively "The Gathering Spot") are Georgia limited liability companies that also provide co-working facilities and other services similar to or the same as those of Gather under the mark THE

1

GATHERING SPOT (the "Gathering Spot Mark") and other confusingly similar variations.

## JURISDICTION AND VENUE

3. This is a civil action seeking injunctive relief, damages, and other relief from The Gathering Spot for trademark infringement in violation of the Lanham Act. It also seeks cancellation of certain registered trademarks belonging to the Gathering Spot as provided for in the Lanham Act.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 because it presents a federal question.

5. This Court has personal jurisdiction over the Gathering Spot under Rule 4 of the Federal Rules of Civil Procedure and District of Columbia Code § 13-423(a)(1), (3), and (4) because the Gathering Spot has infringed the Gather Mark in the District of Columbia through persistent business conduct in the District of Columbia.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2) because The Gathering Spot resides in this judicial district and because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTS

7. Since at least April 1, 2014, Gather (a) provides co-working facilities equipped with office equipment; (b) provides facilities for business meetings for others; (c) organizes professional networking and socializing events for business purposes in the fields of innovation and technology, philanthropy, entrepreneurship, and business marketing, strategies and development; (d) arranges and conducts special events for business purposes; (e) leases office space and shared office space; (f) leases shared working

facilities in the nature of office space having accessible office equipment; and (g) leases co-working facilities in the nature of co-working and collaborative work office space (each an "Associated Service" and collectively "the Associated Services.")

8. Since at least April 1, 2014, Gather has used in commerce the Gather Mark in connection with the Associated Services.

9. Gather has also used in commerce unregistered trade dress, including specific font stylization, a specific shade of blue, and other design elements in its coworking and collaborative working facilities (the "Gather Trade Dress"), together with the Gather Mark, in connection with the Associated Services.

10. The Gather Trade Dress is not functional, serving only as a source indicator.

11. Gather has spent considerable time, money, and other resources in marketing the Gather Mark and the Gather Trade Dress in connection with the Associated Services.

12. Gather has marketed the Associated Services in connection with the Gather Mark and the Gather Trade Dress to entrepreneurs and a diverse range of professionals with a need for the Associated Services.

13. Through these efforts, Gather has created a strong association in the minds of the consuming public of the source of the Associated Services marketed with the Gather Mark and the Gather Trade Dress and has created substantial goodwill in each.

14. Gather has continually used the Gather Mark and the Gather Trade Dress with the Associated Services since April 1, 2014 through the present.

15. On March 25, 2015, Gather received federal trademark registration number 4,707,630 for the Gather Mark as used with the Associated Services, thereby establishing trademark rights in the Gather Mark throughout the United States. The registration certificate is

attached as Exhibit A. It is *prima facie* evidence of the validity of the Gather Mark, Gather's ownership of the Gather Mark, and of Gather's exclusive right to use the Gather Mark in commerce on or in connection with the Associated Services, as provided by 15 U.S.C. § 1115(a).

16. The Gathering Spot is a competing enterprise using the wordmark THE GATHERING SPOT in connection with at least one of the Associated Services, or otherwise using its mark in connection with services that create a likelihood of confusion with the Gather Mark and its services.

17. Most notably, The Gathering Spot also provides, in connection with its mark, and for a membership fee, co-working space, collaborative workspace, private office suites, and related facilities and services to the same kind of startup businesses, entrepreneurs, and other professionals, including software developers, graphic designers, website developers, lawyers, engineers, business consultants, and marketing consultants, just like Gather.

18. The earliest The Gathering Spot began using its mark in commerce together with at least one of the Associated Services, or other services likely to cause confusion, was January 30, 2016.

19. The Gathering Spot has marketed itself as providing co-working space at its facilities, including a facility in downtown Atlanta, Georgia, and advertised "coming soon" locations in Washington, D.C. and Los Angeles, California.

20. Exhibit B is a true and accurate depiction of the The Gathering Spot location in downtown Atlanta, Georgia, which uses the Gather Mark and the Gather Trade Dress on a building providing one or more of the Associated Services to the consuming public.

21. Exhibit C is a collection of true and accurate copies of news reports, press releases, and other documents evidencing statements by The Gathering Spot and its representatives that it provides "co-working space."

22. Exhibit D is a true and accurate copy of a floor plan created by The Gathering Spot and distributed by it on the internet showing that its facilities include the Associated Services, including "private offices," "conference rooms," and "co-working space."

23. Exhibit E is a true and accurate copy of Instagram pages belonging to The Gathering Spot using the handles "@GathersDC" and "@GathersATL."

24. Exhibit F is a true and accurate copy of a newsletter distributed on the internet by The Gathering Spot entitled "The Gather Newsletter" using the same or confusingly similar trade dress to that of the Gather Trade Dress.

25. Exhibit G is a true and accurate copy of a page from the Gathering Spot website soliciting the consuming public to purchase memberships for their Washington, D.C. location, which includes co-working space, by calling a phone number with a Washington, D.C. 202 area code.

26. Exhibit H is a true and accurate copy of a job solicitation posted by The Gathering Spot seeking a director for their DC location, including the responsibility to manage co-working space.

27. Sometime in 2018, the founders of The Gathering Spot, Ryan Wilson and TK Peterson, participated in an interview with WUSA, the local Washington, D.C. CBS affiliate, where they agreed with a reporter's characterization that THE GATHERING SPOT "is not just a co-working space" and advertised memberships for their facility in

Washington, D.C. while using "The Gathering Spot" mark in connection with their coworking facility.

28. This interview was broadcast over the air and distributed on the internet so that it received substantial viewership in the Washington, D.C. area, and on information belief, The Gathering Spot received inquiries about or actual memberships from DC area customers.

29. The Gathering Spot obtained federal trademark registrations 5,053,536 and 5,123,588, attached as Exhibits I and J, attesting to their use in commerce date of January 30, 2016.

30. Gather has never licensed, authorized, or otherwise given permission to The Gathering Spot to use The Gather Mark or The Gather Trade Dress, or any confusingly similar variation, in connection with any of the Associated Services, or with any other services that would create a likelihood of confusion with the Gather Mark or the Gather Trade Dress.

## COUNT I
## TRADEMARK INFRINGEMENT
### Violation of Lanham Act §32(1)

31. Gather incorporates the preceding paragraphs by reference.

32. Gather has priority over The Gathering Spot to use the Gather Mark with the Associated Services throughout the United States by virtue of its federal trademark registration with a registration date that precedes The Gathering Spot's first use in commerce of its Mark.

33. The Gathering Spot has used the Gathering Spot Mark in a manner likely to cause confusion as to the source of its goods and services by virtue of the senior rights belonging to Gather in the Gather Mark, in violation of §32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

34. Gather, through counsel, sent a cease and desist letter on February 20, 2019, attached as Exhibit K, providing The Gathering Spot with actual notice of its trademark infringement.

35. Gather has refused to cease its infringement and continues to infringe willfully Gather's superior rights.

36. Gather is entitled to disgorge all profits earned since February 20, 2019 by The Gathering Spot pursuant to 15 U.S.C. § 1117(a) and is entitled to an accounting to calculate the same.

37. Gather is entitled to treble damages, as established at trial, or an amount otherwise deemed just by the Court pursuant to 15 U.S.C. § 1117(a).

38. Gather is entitled to costs and attorneys' fees pursuant to 15 U.S.C. § 1117(a).

39. Gather is entitled to both a preliminary and a permanent injunction to stop the infringing acts by The Gathering Spot pursuant to 15 U.S.C. § 1116(a).

40. Gather is entitled to a Court order cancelling The Gathering Spot trademark registrations pursuant to 15 U.S.C. § 1119(a).

## COUNT II
## TRADE DRESS INFRINGEMENT
### Violation of Lanham Act §43(a)

41. Gather incorporates the preceding paragraphs by reference.

42. Gather has priority over The Gathering Spot to use the Gather Trade Dress in connection with the Associated Services.

43. The Gathering Spot has used trade dress in a manner likely to cause confusion with The Gather Trade Dress in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44. Gather is entitled to an injunction stopping the infringing activity, damages, costs, and attorneys' fees.

## COUNT III
## CYBERSQUATTING
### Violation of Lanham Act §43(d)

45. Gather incorporates the preceding paragraphs by reference.

46. Gather has registered and is using in commerce thegatheringspot.com, the gatheringspot.club, and other domains in connection with The Gather Mark or confusingly similar variations ("The Gathering Spot Domains"), with a bad-faith intent to profit from the Gather Mark.

47. Gather is entitled to equitable relief giving it The Gathering Spot Domains, or otherwise cancelling the domains, pursuant to 15 U.S.C. § 1125(d).

**PRAYER FOR RELIEF**

WHEREFORE, Gather respectfully requests this Court do the following:

(a) grant a preliminary injunction prohibiting The Gathering Spot from using the word "Gather" or any variation thereof in association with the Associated Services, its business, its products, or its services;

(b) enter a finding of liability for trademark infringement against The Gathering Spot;

(c) grant a permanent injunction prohibiting The Gathering Spot from using any variation of the word "Gather" in association with the Associated Services, its business, its products, or its services;

(d) order the transfer of the domain name The Gathering Spot Domains, or alternatively, order their cancellation;

(e) order The Gathering Spot to account for its profits, and enter judgment awarding all profits earned by The Gathering Spot since February 20, 2019 to Gather;

(f) enter judgment against The Gathering Spot for treble damages, or a damage amount the Court deems just;

(g) enter an award of prejudgment and post-judgment interest;

(h) enter of an award of all costs incurred, including reasonable attorneys' fees; and

(i) provide any other relief the Court deems just and proper.

PLAINTIFF REQUESTS A JURY TRIAL ON ALL ISSUES SO TRIABLE.


Dated: September 5, 2019        Respectfully submitted,

                                BY COUNSEL

                                /s/ Matthew A. Crist
                                Matthew A. Crist, Bar No. 1026825
                                Matthew A. Crist, PLLC
                                1727 King Street, Suite 300
                                Alexandria, VA 22314
                                Phone: (571) 551-6859
                                mcrist@macpllc.net

                                *Local Counsel for Gather Workspaces, LLC*

                                Andrew P. Connors, Esq. (Va. Bar No. 80248)
                                Rachel V. Brenke, Esq. (Va. Bar No. 90446)
                                Connors & Brenke PLLC
                                1011 Charles St., The Federal House
                                First Floor
                                Fredericksburg, VA 22401
                                Phone: 540-553-8149
                                Fax: 540-301-6460
                                andrew@connorsandbrenke.com
                                rachel@connorsandbrenke.com
                                PRO HAC VICE MOTION PENDING

                                *Lead Counsel for Gather Workspaces, LLC*

Caroline J. Fox, Esq. (Va. Bar No. 86797)
CJFOX LAW, PLLC
2920 W Broad St, C11
Richmond, VA 23230-5103
Phone: 804-715-1893
caroline@cjfoxlaw.com
PRO HAC VICE MOTION PENDING

*Co-Counsel for Gather Workspaces, LLC*